Andre L. Verdun (SBN 265436)
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Attorneys for Plaintiff,
JOSE CASTANEDA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CASTANEDA, an individual, | **Case No.:** 14-cv-879 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | "Debt Collection Case" per L.R. 16-1 |
| HUNT & HENRIQUES.; and, PORTFOLIO RECOVERY ASSOCIATES, LLC; and DOES 1-10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## INTRODUCTION

1. This is a "**Debt Collection Case**" for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair Practices. The gravamen of this complaint is that defendants used materially misleading information to collect a debt.

- 1 -

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337. Because Defendants do business within the State of California, personal jurisdiction is established.

3. Venue is proper pursuant to 28 U.S.C. 1391.

## INTRADISTRICT ASSIGNMENT

4. Purusnat to Civil L.R. 3-5(b), this case is proper in the intra-district of San Jose, since the Defendant, HUNT & HENRIQUES is domiciled in Santa Clara County, within this District.

## PARTIES

5. Plaintiff, JOSE CASTANEDA, ("Plaintiff"), is a natural person residing in the State of California.

6. Defendant HUNT & HENRIQUES ("H&H"), is a company doing business collecting debts in California operating from an address in San Jose, California.

7. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC, ("PRA"), is a third party debt buyer and therefore regulated by the FDCPA.

8. Defendant H&H is engaged in the collection of debts from consumers using the mail and telephone and regularly attempt to collect consumer debts alleged to be due to another.

9. Defendant H&H is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiff as set forth below. Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the

- 2 -

COMPLAINT

Castaneda v. Hunt & Henriques, *et al*             14-cv-879

acts that injured the Plaintiff.

11. Plaintiff is a "consumer" as defined by the 15 U.S.C. 1692a(3) and the personal debt involved, a student loan, is a consumer debt.

### FACTUAL ALLEGATIONS

12. On or about July 8, 2013 Defendants, jointly, sued Plaintiff in California state court in the case of *Castaneda v. Portfolio Recovery Assoc.*, 56-2013-00438984-CL-CL-VTA. That complaint is attached as "EXHIBIT A" ("state case").

13. A debt collection complaint is a communication under the FDCPA.

14. In the state case attached as Exhibit A, Defendants did not list any other creditor other than PRA on the complaint.

15. Defendant thereby represented that PRA was the original creditor, and that the remaining defendants were collecting on behalf of the original creditor.

16. PRA is not the original creditor between itself and the Plaintiff. Plaintiff is currently unaware of who the original creditor is.

17. The "least sophisticated debtor" would in fact be confused or misled as to the identity of the "original creditor" on the account alleged by PRA in the above state complaint attached as Exhibit A. See, *Thomas v. Portfolio Recovery Associates LLC* (S.D. Cal., Aug. 12, 2013, 12CV1188-WQH-WMC) 2013 WL 4517175; and *Heathman v. Portfolio Recovery Assocs., LLC*, No. 12–CV–515–IEG–RBB, 2013 WL 3746111, at *1, *4 (S.D.Cal. July 15, 2013), for example. Therefore, defendants, jointly, violated Title 15 U.S.C. 1692(e) and 1692(f).

18. Each of the above misrepresentations are material misrepresentations, in violation of federal law. *Thomas v. Portfolio Recovery Associates LLC* (S.D. Cal., Aug. 12, 2013, 12CV1188-WQH-WMC) 2013 WL 4517175; and *Heathman v. Portfolio Recovery Assocs.,*

- 3 -

*LLC*, No. 12–CV–515–IEG–RBB, 2013 WL 3746111, at *1, *4 (S.D.Cal. July 15, 2013).

19. The Defendants never served Plaintiff with the summons and complaint in the state case.

20. Defendants filed a proof of service with the court. That proof of service states that Plaintiff was served with a summons and complaint.

21. California civil code section 1788.15 prohibits taking legal action on a case filed against a consumer without first effectuating proper service of the summons and complaint.

22. Defendants never effectuated proper service of the summons and complaint. Even still, they filed a false declaration with the court that they properly served Plaintiff and took his default. This conduct violated Cal. Civ. 1788.15, 1788.17, 1692(e) and 1692(f).

23. As a result of these violations of law, Defendant did suffer actual damages, in the form of anxiety, stress, loss of sleep and mood changes. Plaintiff also incurred $7,500 in attorney fees fighting the illegal service of process.

## CAUSES OF ACTION
### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.
### (Against All Defendants)

24. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the below cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.:

- ➢ 15 US. C. § l 692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;
- ➢ 15 US.C. §1692e(2) by misrepresenting the legal status of a debt;

- 4 -

- 15 US.C.§1692e(5) by threatening to take an action that cannot legally be taken;
- 15 US.C. §1692e by use of a false representation or deceptive means to collect a debt;

25. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

**COUNT II**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)**
**California Civil Code §§ 1788 ET SEQ.**
**(Against All Defendants)**

26. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the below cited provisions of the RFDCPA, California Civil Code §§ 1788 *et seq.*:

- California civil code § 1788.15 by failing to properly serve Plaintiff proper service;
- California civil code § 1788.17 for violating the FDCPA as stated in Count I;

27. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages; statutory damages in an amount up to $1,000.00 but not less than $100; and, reasonable attorney's fees and costs pursuant to Cal. Civ. code § 1788.30 from Defendants.

**COUNT III**
**NEGLIGENCE**
**(Against All Defendants)**

28. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

- 5

COMPLAINT

Castaneda v. Hunt & Henriques, *et al*                                       14-cv-879

29. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligence.

30. Defendants negligently inflicted emotional distress.

31. Defendants breached a duty imposed and failed to exercise ordinary care.

32. Defendants owed Plaintiff a duty to refrain from unlawful debt collections (California Civil Code §1788 *et seq.* Title 15 U.S.C. 1692 *et seq.*).

33. The breach of such duty proximately caused injury to Plaintiff.

34. The injury resulted from an occurrence the nature of which these statutes were designed to protect Plaintiff from.

35. Plaintiff is a member of the class of persons the statutes were designed to protect.

36. Defendants' conduct, as described herein, was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

37. Defendants negligently trained, supervised, and retained, its employees and agents.

38. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiff severe and serious emotional distress in that the Defendants wrongful conduct has caused harm as described above.

39. It is clearly foreseeable that Defendants' actions as described herein could cause harm, including severe and serious emotional distress

40. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial. Defendants' wrongful conduct as described herein actually and proximately caused the Plaintiff's harm as noted above.

- 6 -
COMPLAINT
Castaneda v. Hunt & Henriques, *et al*                                   14-cv-879

41. Defendants acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

42. On information and belief, Defendant's officers, directors or managing agents authorized or ratified the wrongful acts herein.

43. On information and belief, Defendant's officers, director's or managing agents are personally guilty of oppression, fraud or malice.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

   i. Statutory, actual and punitive damages;
   ii. Statutory damages pursuant to Cal. Civil Code § 1788.30(b) and Civil Code 1788.17 and Title 15 U.S.C. 1692k.
   iii. Actual damages according to proof pursuant to Cal. Civil Code § 1788 and 1788.17, and Title 15 U.S.C. 1692k;
   iv. Attorney fees and costs pursuant to Cal. Civil Code § 1788 and 1788.17, and Title 15 U.S.C. 1692k;
   v. Such other and further relief that may be just and proper.

Dated:  February 26, 2014

**CROWLEY LAW GROUP**

 s/Andre L. Verdun
ANDRE L. VERDUN
Attorney for Plaintiff,
JOSE CASTANEDA

- 7 -
COMPLAINT
Castaneda v. Hunt & Henriques, *et al*                          14-cv-879

## DEMAND FOR JURY TRIAL

Plaintiff does, by and through counsel of record, demand and is entitled to a trial by jury.

Dated: February 26, 2014

                         **CROWLEY LAW GROUP**

                         s/Andre L. Verdun
                         ANDRE L. VERDUN
                         Attorney for Plaintiff,
                         JOSE CASTANEDA